# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CYNTHIA JOHNSON, ) | |
| 1110 Orren Street, NE ) | |
| Washington, DC 20002 ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 16-2447 |
| ) | |
| EXPERIAN INFORMATION SOLUTIONS, INC. ) | |
| ) | |
| Serve: CT Corporation System, Registered Agent ) | |
| 1015 - 15th Street, N.W., #1000 ) | |
| Washington, D.C. 20005, ) | |
| ) | |
| and ) | |
| ) | |
| CREDIT ONE BANK, N.A. ) | |
| ) | |
| Serve: Robert DeJong, President/CEO ) | |
| 585 Pilot Road ) | |
| Las Vegas, NV 89119 ) | |
| ) | |
| and ) | |
| ) | |
| DISCOVER FINANCIAL SERVICES, INC. ) | |
| ) | |
| Serve: CT Corporation System, Registered Agent ) | |
| 1015 - 15th Street, N.W., #1000 ) | |
| Washington, D.C. 20005 ) | |
| ) | |
| and ) | |
| ) | |
| AMERICAN EXPRESS COMPANY ) | |
| ) | |
| Serve: CT Corporation System, Registered Agent ) | |
| 1015 - 15th Street, N.W., Suite 1000 ) | |
| Washington, DC 20005 ) | |
| ) | |
| and ) | |
| ) | |
| CONTINENTAL FINANCE COMPANY, LLC ) | |
| ) | |
| Serve: Lamiaa E. Elfar, Registered Agent ) | |
| 121 Continental Drive, Suite 108 ) | |

|  |  |
|---|---|
| Newark, DE 19713 | ) |
|  | ) |
| and | ) |
|  | ) |
| CELTIC BANK CORPORATION, | ) |
|  | ) |
| Serve:  Leslie K. Rinaldi, Registered Agent | ) |
|            268 South State St., #300 | ) |
|            Salt Lake City, UT  84111 | ) |
|  | ) |
|                         Defendants. | ) |
|  | ) |

## COMPLAINT

COMES NOW the Plaintiff, Cynthia Johnson, ("Plaintiff") by counsel, and for her Complaint against the Defendants, alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for statutory, actual, and punitive damages, costs, and attorneys' fees brought pursuant to 15 U.S.C. § 1681, *et seq.* (the Fair Credit Reporting Act or "FCRA").

### JURISDICTION

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681(p).

### PARTIES

3. Plaintiff is a natural person residing in the District of Columbia, and at all times relevant to the Complaint was a "consumer" as defined by 15 U.S.C. §1681a(c).

4. Defendant Experian Information Solutions, Inc. ("Experian") is a foreign limited liability company authorized to do business in the District of Columbia through its registered offices there. Experian is a "consumer reporting agency" as defined in 15 U.S.C. §1681a(f).

5. Defendant Credit One Bank, N.A., ("Credit One") is a national chartered bank, with its principal place of business in the state of Nevada, doing business as a credit card provider.  At all times relevant hereto, Credit One was a "furnisher" as governed by the FCRA.

2

6. Defendant Discover Financial Services, Inc. ("Discover") is a foreign corporation authorized to do business in the District of Columbia through its registered offices in the District of Columbia. Discover is engaged in the business of providing credit cards to consumers. At all times relevant hereto, Discover was a "furnisher" as governed by the FCRA.

7. Defendant American Express Company ("American Express") is a foreign corporation authorized to do business in the District of Columbia through its registered offices in the District of Columbia. American Express is engaged in the business of providing credit cards to consumers. At all times relevant hereto, Discover was a "furnisher" as governed by the FCRA.

8. Continental Finance Company, LLC ("Continental Finance") is a foreign corporation, with its principal place of business in the state of Delaware. Continental Finance is regularly engaged in the business of providing credit cards to consumers. At all times relevant hereto, Continental Finance was a "furnisher" as governed by the FCRA.

9. Defendant Celtic Bank Corporation ("Celtic Bank") is a foreign corporation, with its principal place of business in the state of Utah, doing business as a credit card provider. At all times relevant hereto, Celtic Bank was a "furnisher" as governed by the FCRA.

**FACTS**

10. During the last year, Plaintiff has learned that several accounts were fraudulently opened in her name, including accounts with Credit One, Discover, Continental Finance, American Express and Celtic Bank.

11. Plaintiff never applied for or gave anyone permission to use her name for any credit cards or to use her name, address, date of birth or social security number to conduct any financial transactions.

12. Plaintiff obtained a copy of her credit report with Experian. The Experian report attributed at least eight accounts that did not belong to Plaintiff, or were fraudulently opened, in Plaintiff's name, including the accounts with Credit One and Discover.

13. Plaintiff's credit report with Trans Union, LLC ("Trans Union") listed the American Express, Discover, Credit One and Continental Finance accounts.

14. Plaintiff's Equifax Information Services, LLC, ("Equifax") credit report also listed the American Express, Discover, Credit One, and Celtic Bank accounts to Plaintiff.

15. On December 11, 2015, Plaintiff mailed dispute letters to Experian, Equifax and Trans Union disputing the accounts. In this letter, Plaintiff explained that she never took out or authorized anyone to take out these accounts, including the accounts with American Express, Discover, Credit One, Continental Finance, and Celtic Bank. Plaintiff further explained that she was a 19 year-old student who could not have possibly qualified for all of these credit cards

16. As a result of Plaintiff's letter, Experian initiated initial security alerts concerning Plaintiff dated December 21, 2015 and January 6, 2016, but upon information and belief, Experian had not removed the eight items from Plaintiff's credit report.

17. On January 1, 2016, Equifax provided its investigation results to Plaintiff, which indicated that Celtic Bank Corp., American Express, Discover and Credit One "verified" that the accounts belonged to Plaintiff.

18. On January 1, 2016, Equifax provided its investigation results to Plaintiff, which indicated that Continental, American Express, Discover and Credit One "verified" that the accounts belonged to Plaintiff.

19. After receiving the investigation results, Plaintiff submitted dispute letters to American Express, Credit One, and Discover on April 7, 2016, explaining that she never

4

obtained, or authorized anyone to obtain an the accounts reported by each furnisher on her behalf. She enclosed affidavits verifying these facts.

20. After mailing the letters directly to the furnishers, Plaintiff mailed follow up dispute letters to Experian, Trans Union and Equifax regarding the accounts that did not belong to her. Plaintiff again explained that she never took out or authorized anyone to take out these accounts. Plaintiff also provided affidavits that she submitted to Discover, Credit One and American Express, verifying that she did not apply for, use or authorize anyone to obtain credit in her name.

21. Experian mailed Plaintiff her credit report dated July 16, 2016, which reflected that Experian deleted six of the accounts from Plaintiff's credit report, however, the Credit One and Discover accounts remained on her report.

22. Attributing these accounts to Plaintiff was inaccurate, incomplete and misleading. Plaintiff never signed or authorized anyone to sign the applications for credit on her behalf.

23. Experian received, but ignored the Plaintiff's disputes and refused to investigate the substance of Plaintiff's disputes.

24. Rather than conducting an independent investigation, Experian's standard procedure is to merely parrot the response of a furnisher despite numerous court decisions admonishing this practice. *Gorman v. Experian Info. Sols., Inc.*, 2008 WL 4934047, at *5 (S.D.N.Y. Nov. 19, 2008) ("Receiving notification of a dispute from a customer shifts the responsibility of reinvestigation onto the credit reporting agency, and the statutory responsibility imposed on the credit report agency must consist of something more than merely parroting information received from other sources.") (internal quotations and citations omitted).

5

25.  On multiple occasions, Experian published the inaccurate information disputed by Plaintiff to potential creditors.

26.  Defendants each had actual knowledge of these inaccuracies and deliberately chose to ignore and permit the reporting of the information.

### COUNT ONE:
### 15 U.S.C. § 1681e(b)
### (Experian)

27.  Plaintiff realleges and incorporates all other factual allegations set forth in the Complaint.

28.  Experian violated 15 U.S.C. §1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit report and credit files it published and maintained.

29.  As a result of Experian's violations of 15 U.S.C. §1681e(b), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental, physical and emotional distress.

30.  The violations by Experian were willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Experian was negligent, which entitles Plaintiff to recovery under 15 U.S.C. §1681o.

31.  Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

### COUNT TWO:
### 15 U.S.C. § 1681i
### (Experian)

32. Plaintiff realleges and incorporates all other factual allegations set forth in the Complaint.

33. Experian violated multiple sections of § 1681i, including but not limited to its conduct of: (1) failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and record the current status of the disputed information or delete the item from Plaintiff's credit file in violation of § 1681i(a)(1); (2) by failing to review and consider all relevant information submitted by Plaintiff in violation of §1681i(a)(4); (3) by failing to promptly delete the disputed inaccurate items of information from Plaintiff's credit files or modify the item of information upon a lawful reinvestigation of § 1681i(a)(5)(A); and (4) by failing to promptly delete the disputed inaccurate items of information from Plaintiff's credit files or modify the item of information upon a lawful reinvestigation in violation of §1681i(a)(5)(A).

34. As a result of Experian's violations of §1681i, Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

35. The violations by Experian were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to § 1681n. In the alternative, Experian was negligent, which entitles Plaintiff to recovery under 15 U.S.C. §1681o.

36. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

**COUNT THREE:**
**15 U.S.C. § 1681s-2(b)(1)(A)**
**(Credit One, Discover, American Express, Continental Finance, Celtic Bank)**

37. Plaintiff incorporates all other factual allegations set forth in the Complaint.

38. On one or more occasions within the past year, by example only and without limitation, Credit One, Discover, American Express, Continental Finance and Celtic Bank violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to fully and properly investigate Plaintiff's disputes.

39. When the Plaintiff submitted her disputes to the consumer reporting agencies ("CRAs"), they use a dispute system named, "e-Oscar", which has been adopted by the CRAs and by their furnisher-customers such as Credit One, Discover, American Express, Continental Finance and Celtic Bank. It is an automated system and the procedures used by the CRAs are systemic and uniform.

40. When Experian, Equifax and Trans Union receive a consumer dispute, each (usually via an outsourced vendor), translates that dispute into an "ACDV" form.

41. Upon information and belief, the ACDV form is the method by which the Defendants have elected to receive consumer disputes pursuant to 15 U.S.C. § 1681i(a).

42. Based on the manner in which the credit bureaus responded to the Plaintiff's disputes, representing that Credit One, Discover, American Express, Continental Finance and Celtic Bank "verified" the supposed accuracy of its reporting, Plaintiff alleges that the credit bureaus did in fact forward the Plaintiff's disputes via ACDV to each of the Defendant furnishers.

43. Credit One, Discover, American Express, Continental Finance and Celtic Bank understood the nature of the Plaintiff's dispute when they received the ACDV from the CRAs.

44. Notwithstanding the above, Credit One, Discover, American Express, Continental Finance and Celtic Bank follow a standard and systemically unlawful process when it receives the ACDV dispute.

45. Basically, all the Defendant furnishers do is review their own internal computer screen for the account and repeat back to the ACDV system the same information that each has already had reported to the CRAs.

46. When the Defendant furnishers receive a consumer dispute through e-Oscar, they do not conduct a substantive review of any sort to determine whether or not the underlying information in their computer system is itself accurate.

47. As a result of Credit One, Discover, American Express, Continental Finance and Celtic Bank's violations of 15 U.S.C. §1681s-2(b)(1)(A), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

48. The violations were willful, rendering Defendants liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Defendants were negligent, which entitles Plaintiff to recovery under 15 U.S.C. §1681o.

49. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Credit One, Discover, American Express, Continental Finance and Celtic Bank in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

**COUNT FOUR:**
**15 U.S.C. § 1681s-2(b)(1)(B)**
**(Credit One, Discover, American Express, Continental Finance, Celtic Bank)**

50. Plaintiff incorporates all other factual allegations set forth in the Complaint.

9

51.     On one or more occasions within the past year, by example only and without limitation, Credit One, Discover, American Express, Continental Finance and Celtic Bank violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer report agencies.

52.     As detailed in the previous count, the Defendant furnishers have elected to use the e-Oscar system for its FCRA disputes received through the CRAs.

53.     Defendants are aware of the meaning of the several dispute codes used by the CRAs in e-Oscar.

54.     Defendants understood the nature of Plaintiff's disputes and that the account was fraudulently opened in her name.

55.     Nevertheless, Credit One, Discover, American Express, Continental Finance and Celtic Bank ignored such information and instead simply regurgitated the same identifying information they had previously reported to the CRAs.

56.     As a result of the Defendant furnishers violations of 15 U.S.C. §1681s-2(b)(1)(B), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

57.     The violations were willful, rendering Defendants liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Defendants were negligent, which entitles Plaintiff to recovery under 15 U.S.C. §1681o.

58.     Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants in an amount to be determined pursuant to 15 U.S.C. § 1681n and § 1681o.

**COUNT FIVE:**
**15 U.S.C. § 1681s-2(b)(1)(C) and (D)**
**(Discover, Continental Finance, Celtic Bank)**

59. Plaintiff incorporates all other factual allegations set forth in the Complaint.

60. On one or more occasions within the past year, by example only and without limitation, Discover, Continental Finance and Celtic Bank violated 15 U.S.C. § 1681s-2(b)(1)(C) and (D) by publishing their representations within Plaintiff's credit files without also including a notation that these debts were disputed and by failing to correctly report results of an accurate investigation to each credit reporting agency.

61. Specifically, Discover, Continental Finance and Celtic Bank failed to add the "XB" code to the CCC (Compliance Condition Code) field in the ACDV dispute forms when it responded to the CRAs.

62. On information and belief, Discover, Continental Finance and Celtic Bank rarely, if ever, add the XB code or other notation that an account is disputed when they respond to e-Oscar ACDVs.

63. At a minimum, Plaintiff's disputes were bona fide as she never opened the accounts or authorized anyone to open them in her name.

64. As a result of the Defendants' violations of 15 U.S.C. §1681s-2(b)(1)(B), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

65. The violations were willful, rendering Defendants liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Defendants were negligent, which entitles Plaintiff to recovery under 15 U.S.C. §1681o.

66. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants in an amount to be determined pursuant to 15 U.S.C. § 1681n and § 1681o.

WHEREFORE, Plaintiff demand judgment for actual, statutory and punitive damages against Defendants, jointly and severally; for her attorneys' fees and costs; for prejudgment and post-judgment interest at the judgment rate, and such other relief the Court deems proper.

**TRIAL BY JURY IS DEMANDED.**

                      Respectfully submitted,
                      **CYNTHIA JOHNSON**

                      By:__*Kristi C. Kelly*_____
                                 Counsel

Kristi C. Kelly, Esq. (DC Bar No. 974872)
KELLY & CRANDALL, PLC
4084 University Drive, Suite 202A
Fairfax, VA 22030
Telephone: 703-424-7572
Fax: 703-591-0167
Email: kkelly@kellyandcrandall.com
*Counsel for Plaintiff*